IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J<span>OSHUA</span> C<span>OROZZO</span>,
individually and on
behalf of all others,

        Plaintiff,

v.                                                        Case No. 14-2081-JTM

J.C. P<span>ENNEY</span> C<span>OMPANY</span>, I<span>NC</span>.,

        Defendant.

MEMORANDUM AND ORDER

Plaintiff Joshua Corozzo filed his complaint on behalf of a class on February 20, 2014, alleging defendant J.C. Penney Company, Inc. violated the Fair Credit Reporting Act in taking an adverse employment action against him and members of the class. J.C. Penney filed its Motion to Dismiss (Dkt. 8) on April 16, 2014. Corozzo did not file a timely response. The court is prepared to rule on the motion.

**I. Background**

Corozzo applied for work through Staffmark, a staffing agency in Overland Park, Kansas. Staffmark placed Corozzo at J.C. Penney, where he began temporary work in October 2013. On January 16, 2014, J.C Penney invited Corozzo to consider becoming an official J.C. Penney employee. A supervisor at J.C. Penney told Corozzo to apply online, and he did. As part of Corozzo's application process, J.C. Penney ordered a consumer report, commonly referred to as a background check. Corozzo alleges that Staffmark called him on January 17, 2014, to tell him he could not work at J.C. Penney

anymore because of information in the consumer report generated in connection with his employment application.

Corozzo attached three letters to his complaint. In the first letter, dated January 16, 2014, Accurate Background, Inc. notified Corozzo that it had generated a consumer report about him in connection with his application for employment with J.C. Penney. The letter enclosed a copy of Corozzo's consumer report and provided contact information for disputing the report's finding. The second letter, dated January 17, 2014, came from J.C. Penney and provided a copy of the report and a Summary of Your Rights document that referenced the Fair Credit Reporting Act (FCRA). The third letter, dated January 24, 2014 and sent by J.C. Penney, notified Corozzo that the company was rejecting his employment application. The letter referenced the consumer report and once again gave contact information for Accurate Background, Inc. for disputing the report's accuracy.

Corozzo claims J.C. Penney violated 15 U.S.C. § 1681b(b)(3)(A), a section of the FCRA, by failing to provide him with a copy of the consumer report and a written description of his rights prior to taking an adverse employment action and failing to provide him with a reasonable time to cure any inaccuracies within the report. Corozzo brings his claim on behalf of a class of employees or prospective employees of J.C. Penney who have suffered an adverse employment action based on similar facts.

J.C. Penney seeks dismissal of the complaint, arguing that Corozzo has failed to plead an FCRA violation. J.C. Penney filed its motion over seven weeks ago, and Corozzo did not file a response.

**II. Legal Standard: Motion to Dismiss for Failure to State a Claim**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.' " *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying and affirming *Twombly*'s probability standard). Allegations that raise the specter of mere speculation are not enough. *Corder*, 566 F.3d at 1223–24. The court must assume that all allegations in the complaint are true. *Twombly*, 550 U.S. at 589. "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.' " *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2, (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511).

**III. Analysis**

Corozzo alleges that J.C. Penney violated the FCRA when it obtained a consumer report about him and used it to take an adverse employment action without providing

3

him with a copy of the report, a written description of his rights, and reasonable time to cure inaccuracies in the report. The section of the FCRA Corozzo relies upon states:

> Except as provided in subparagraph (B), in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—
>
> (i) a copy of the report; and
>
> (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

15 U.S.C. § 1681b(b)(3)(A). In other words, if an employer uses a consumer report in making a hiring decision, it must provide the potential employee with a copy of the report and a written description of their FCRA rights before taking any adverse action based on the report.

In its motion to dismiss, J.C. Penney argues that Corozzo fails to state a claim because he does not allege that the company took an adverse employment action before providing him with a copy of the report and his rights. The court agrees. The complaint and the letters Corozzo attached to the complaint establish a timeline showing that J.C. Penney complied with the FCRA. On January 16, 2014, a letter from Accurate Background, Inc. to Corozzo provided him with a copy of his report. The next day, a letter from J.C. Penney provided Corozzo with his report and a written statement of his rights. A week later, on January 24, J.C. Penney sent a letter to Corozzo denying his employment application and stating that the denial may have been influenced by information in Accurate Background's consumer background investigative report.

Corozzo does not allege that this week was insufficient time for him to address any mistakes in the report—he does not even allege the report contained any mistakes.

The timeline Corozzo asserts as a basis for his claim begins with Staffmark calling to inform him that he could no longer work at J.C. Penney. Citing this as the adverse employment action, Corozzo claims a violation of the FCRA because he did not receive the required documents until after the fact. But Corozzo cannot assert a violation of the FCRA by J.C. Penney based on an adverse employment action taken by Staffmark.

Corozzo's allegations are fatally flawed for failing to plead any adverse action by J.C. Penney before it sent the required documents. The letters Corozzo attached to his complaint show that J.C. Penney denied his employment application a week after providing him with the documents required under the FCRA.

Additionally, Corozzo does not allege that Staffmark's phone call should be considered an illegal action by J.C. Penney. Corozzo does not allege that the Staffmark representative who called him had the authority to communicate on behalf of J.C. Penney or that the Staffmark representative told him that his J.C. Penney employment application had been rejected. Staffmark's phone call cannot be interpreted as an action by J.C. Penney based on the facts plead by Corozzo.

Corozzo's complaint fails to plead a violation of the FCRA by J.C. Penney. Rather, the complaint and its attached letters appear to allege that J.C. Penney complied with the FCRA. The court need not address J.C. Penney's remaining arguments for dismissal. The court dismisses the complaint because of Corozzo's failure to plead an

adverse employment action by J.C. Penney prior to his receiving the consumer report and written statement of FCRA rights.

IT IS THEREFORE ORDERED this 11th day of June, 2014, that J.C. Penney's Motion to Dismiss (Dkt. 8) is granted.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, CHIEF JUDGE
